IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JERRY LEE LEWIS,

                    Plaintiff,

  v.

LIEUTENANT ESSER and
3 UNKNOWN STAFF MEMBERS,

                    Defendants.

ORDER

14-cv-40-bbc

---

      Plaintiff Jerry Lee Lewis was granted leave to proceed on his Eighth Amendment claims that, on multiple occasions on October 22, 2013, defendant Esser and three unknown defendants forced plaintiff to walk in restraints that were too small for his body and used excessive force against him when he failed to comply with orders to stand and walk while wearing the restraints. Now before the court are plaintiff's motions to compel disclosure of the names of the three John Doe staff members, dkt. 16, and for an extension of time to file an amended complaint naming the Doe defendants, dkt. 21. I am granting the motion for an extension of time and granting in part the motion to compel, for the reasons discussed below.

      In response to plaintiff's request for the names of the three unknown officers, defendant Esser does not deny that three other officers were involved in the October 22, 2013 incidents. As plaintiff points out, Esser admitted this in his answer. Dkt. 12, ¶¶ 11, 13. However, in his interrogatory responses, defendant Esser says that he does not recall the identities of the other individuals involved. Dkt. 20-1 at 3. In addition, Esser says that he was "unable to locate any record that documents who specifically escorted plaintiff on this date and time as no reports were written because there was no unusual incident." *Id.* Instead, Esser provides the names of three staff members who were working on plaintiff's unit at the time of the incident: Garret Reynolds, Dana

Allen and Paul Kersten. If these names are not correct, Esser asks that plaintiff provide physical descriptions of the other officers involved to aid in identifying them.

In his motion to compel, plaintiff says that the names defendant Esser provided are incorrect because the other individuals who escorted him on October 22, 2013 did not work on the same unit and he had never seen them before. In addition, plaintiff disputes Esser's representation that there was "no unusual incident" on October 22, 2013, citing a conduct report from the same day in which another officer alleged that plaintiff splashed milk on the officer. Dkt. 18-2 at 9. Although plaintiff does not say this expressly, his view seems to be that he was being transferred to another cell on October 22, 2013 because of that conduct report.

Plaintiff's motion raises enough questions to require an additional response from defendants. To begin with, defendant Esser does not explain why he remembers the incidents on October 22, 2013 well enough to be able to admit that three other officers were involved, but he cannot remember the identities of those individuals. Further, if it is true that the other officers came over from different units to assist Esser, then this at least suggests that this was an uncommon event that would be more likely to be documented in some fashion. Is there a protocol that officers employ when they need assistance from other units and, if so, could that protocol be used to help determine the officers' names? Is there a log or some other record kept when officers need to leave their units to help somewhere else? Esser's conclusory interrogatory responses do not provide this information.

Another problem is that defendant Esser does not explain adequately what he did to determine whether there are records of the other officers involved in the October 22, 2013 incidents. Esser says that there were no "unusual incidents" on October 22, but he does not cite a policy stating that records are kept for uses of force only in "unusual" circumstances. Even if that is the standard,

Esser does not respond to plaintiff's argument that the incident was unusual because plaintiff was being transported in response to an alleged assault on another officer. The fact that four officers were involved in escorting one prisoner seems to be evidence in itself that something "unusual" was occurring.

Accordingly, I conclude that Esser, with whatever assistance or support he wants or needs, must supplement his interrogatory responses by answering these questions:

(1) Does defendant Esser recall any characteristics about the John Doe defendants other than that there were three of them?

(2) Does defendant Esser recall any reasons why officers from other units would have assisted him in escorting plaintiff on October 22, 2013, rather than receiving help from officers within the same unit?

(3) Is there a policy that governs the process that officers should use when seeking assistance from outside the unit? If so, what is that policy and does it include any information that would be helpful in determining the identities of the John Doe defendants?

(4) Does the prison keep records of officers who leave their own units to assist on other units? If so, did Esser consult these records?

(5) What efforts has Esser (or others) taken to locate records or other documents that might identify the John Doe defendants or to refresh his memory about their identities?

Before defendants supplement their interrogatory responses, it makes sense for plaintiff to take defendants' suggestion by providing physical descriptions of the John Doe defendants, such as approximate height, weight, build, facial hair and other distinguishing physical characteristics of the three unknown defendants. In his motion, plaintiff does not say that he was unable to view these characteristics while defendants were transporting him.

If these efforts are not successful, then I will consider allowing plaintiff to view photographs of all the security officers working at the prison on October 22, 2013. Plaintiff should not be

prevented from suing individuals for allegedly violating his rights simply because the Department of Corrections does not retain the records that plaintiff needs to identify the officers.

ORDER

IT IS ORDERED that:

1. Plaintiff Jerry Lee Lewis's motion to compel, dkt. 16, is GRANTED IN PART. No later than July 2, 2014, plaintiff should provide defense counsel with any additional information he has about the John Doe defendants, including physical descriptions. No later than July 16, 2014, defendant Esser should serve supplemental discovery responses identifying the John Doe defendants or addressing the questions raised in this order.

2. Plaintiff's motion for an extension of time to identify the John Doe defendants, dkt. 21, is GRANTED. Plaintiff may have until July 23, 2014 to file an amended complaint or to renew his motion to compel. If the court does not receive a response from plaintiff by that date, the court may dismiss the John Doe defendants from this lawsuit.

Entered this 19th day of June, 2014.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge