IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JERRY LEE LEWIS,

                    ORDER

       Plaintiff,

                   14-cv-40-bbc

  v.

DANE ESSER and
3 UNKOWN STAFF MEMBERS,

       Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

   Pro se plaintiff Jerry Lee Lewis is proceeding on claims that, on October 22, 2013, defendant Dane Esser and three unknown defendants forced him to walk in restraints that were too small for his body and used excessive force against him when he failed to comply with orders to stand and walk while wearing the restraints.  Plaintiff has filed three motions, which are ready for review:  (1) a motion for leave to file an amended complaint to name each of the unknown staff members, dkt. #29; (2) a motion for leave to file "an amended legal claim" against defendant Dane Esser, dkt. #34; and (3) a motion "for instruction from this court." Dkt. #35.

   In his first motion, plaintiff says that he has learned through discovery that Jason Godfrey, Justin Peak and Joseph Dresen are the other officers involved in the use of force and he asks for leave to amend his complaint to add those officers as defendants.  In his second motion, plaintiff says that his original complaint "does not adequately reflect the

correct nor proper legal claims against Dane Esser," so plaintiff would like to amend his complaint to "encompas[s] a wider range of violations" by Esser. Dkt. #34. In his third motion, dated four days after the first motion, plaintiff says that he recently saw Dresen and has determined that Dresen is not one of the officers involved in the October 22 incident. Plaintiff blames Ellen Ray, the litigation coordinator at the prison, "for trying to make [plaintiff] pick the wrong person." Dkt. #35 at 2. He says he wants instructions from the court regarding what to do next.

Plaintiff's first motion for leave to amend his complaint with respect to Godfrey and Peak is unopposed and will be granted. However, I will deny the motion as moot with respect to Dresen in light of plaintiff's representation that he no longer believes that Dresen was involved.

I am denying plaintiff's motion for leave to amend his complaint to expand his claims against defendant Esser. First, the general rule is that a plaintiff must submit a proposed amended complaint with his motion. To help the court and defendants understand what changes a plaintiff is making in an amended complaint, it is this court's policy to ask the plaintiff to file a proposed amended complaint that looks just like the original except that the plaintiff is to highlight all the new or modified allegations he has made to the body of the complaint. If plaintiff wants to delete certain allegations from the original complaint, he should draw a line through those allegations in his proposed amended complaint.

Second, even if I overlooked plaintiff's failure to follow the court's policy, I could not grant his motion because he does not identify the changes he wishes to make. Although he

2

says that his original complaint is "inadequate," he does not allege any new facts about Esser. The closest he comes is to say that "Esser was the shift supervisor who had the ultimate authority and controlled all aspects of authority during the incident." Dkt. #34. To the extent plaintiff wishes to amend his complaint to state that he believes that Esser should be held liable for failing to stop the other officers from violating his rights, that is a theory of liability, not a new claim, so it is not necessary for plaintiff to amend his complaint to make that argument at summary judgment or trial.

With respect to plaintiff's motion in which he requests "instructions" from the court regarding what he should do next, it is for plaintiff to decide how he wants to litigate his case. However, it is not clear that defendants have done all they can do to help identify all the officers involved in the October 22 incident.

At this point, it likely would not be helpful to show plaintiff additional photographs. Although plaintiff averred in his affidavit that, when he saw the photograph of Dresen, he "immediately recognized" Dresen as one of the officers involved in the October 22 incident, dkt. #32, ¶ 3, plaintiff says now that he "didn't get a solid good look" at that staff member on October 22. Dkt. #35, ¶ 3. Plaintiff seems to blame Ray for misleading him somehow, but he does not identify anything specific that Ray did wrong.

One potential source of additional information is the log book for the Echo Unit, where the use of force took place. In her affidavit, Ray says, "I have been unable to locate the logbook for the Echo unit, from which plaintiff was transferred. If it is located, a copy will be produced to the plaintiff." Dkt. #27, ¶ 8. Before I conclude that the remaining

officer cannot be identified, I will require defendants to supplement their discovery responses to explain what efforts they have taken to locate the log book so that I can determine whether those efforts are reasonable.

ORDER

IT IS ORDERED that

1.  Plaintiff Jerry Lee Lewis's motion for leave to amend his complaint to name Jason Godfrey, Justin Peak and Joseph Dresen as defendants, dkt.#29, is GRANTED as to Godfrey and Peak.  The motion is DENIED as moot with respect to Dresen.

2.  Plaintiff's motion for leave to amend his complaint to add new claims against defendant Dane Esser, dkt. #34, is DENIED.

3.  Plaintiff's motion for "instructions," dkt. #35, is GRANTED IN PART. Defendants may have until August 29, 2014, to file and serve a supplement discovery response in which they explain the efforts they have taken to locate the Echo unit log book for October 22, 2013.  Plaintiff may have until September 11, 2014, to identify any additional actions that he believes defendants should take.

Entered this 18th day of August, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

4